UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JENNY HWANG, on behalf of herself and
all others similarly situated,

                              Plaintiffs,

v.

COCKTAIL KINGDOM, LLC,

                              Defendant.
---------------------------------------------------------------x

Case No.: 1:23-cv-05334

**PROPOSED CONSENT DECREE**

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between Plaintiff, Jenny Hwang ("Plaintiff") and Defendant, Cocktail Kingdom, LLC ("Defendant"). Plaintiff and Defendant may hereinafter be collectively referred to as the "Parties" or individually as a "Party."

**RECITALS**

2. Plaintiff filed this lawsuit (the "Action") on July 13, 2023. In her complaint, Plaintiff alleged that Defendant's website, https://www.cocktailkingdom.com, is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and the New York City Human Rights Law ("NYCHRL").

3. Defendant expressly denies that https://www.cocktailkingdom.com violates any federal, state or local law, including the ADA, the NYCHRL, and any other wrongdoing or liability whatsoever. Defendant denies that its Websites are a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

1

4. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action. Plaintiff voluntarily agrees to include any respective successor websites in this Consent Decree.

5. This Consent Decree is entered into by the Plaintiff individually.

## JURISDICTION

6. The Court has personal jurisdiction over Plaintiff because she is a resident of Queens County, New York, and over Defendant because Defendant consents to this Court's exercise of personal jurisdiction for purposes of this Consent Decree.

7. This Court has subject matter jurisdiction over Plaintiff's ADA claim under 28 U.S.C. § 1331 (federal question), and subject matter jurisdiction over Plaintiff's NYCHRL claim under 28 U.S.C. § 1367 (supplemental jurisdiction). The Parties agree that, for purposes of the Action and this Consent Decree, venue is appropriate in this district.

## AGREED RESOLUTION

8. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

9. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation without requiring that the party take any action that would be commercially

unreasonable under the circumstances. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 14 through 19 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts (a) whose cost, difficulty or impact on Defendant's Websites could constitute an undue burden, as defined in Title III of the ADA, but as applied solely to Defendant's Websites as though they were standalone business entities, or (b) that could result in a fundamental alteration in the manner in which Defendant operates its Websites, or the primary functions related thereto, or that could result in a loss of revenue or traffic on the Websites.

## **TERM**

11. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for thirty-six (36) months from the Effective Date.

## **GENERAL NONDISCRIMINATION REQUIREMENTS**

12. Pursuant to the terms of this Consent Decree, Defendant:

    a. Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Websites as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

    b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Websites as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

      c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Websites as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA – SPECIFIC RELIEF TO THE PLAINTIFF

13. Web Accessibility Conformance Timeline: Defendant shall use Reasonable Efforts to ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the United States-facing portion of the Websites (including all pages therein and linked to therefrom), according to the following timeline and requirements, provided that the following dates will be extended in the instance that, while this Consent Decree is in effect, the Department of Justice releases regulations concerning website accessibility under Title III of the ADA that contain compliance dates and/or deadlines further in the future than the dates set forth herein:

      a. Within twenty-four (24) months of the Effective Date, the Defendant shall ensure that the United States-facing portion of the Websites, if in existence, substantially conforms to the Web Content Accessibility Guidelines 2.1 Level AA Success Criteria ("WCAG 2.1 AA") in such a manner so that the Websites will be accessible to persons with disabilities as set forth in Paragraph 20 below.

      b. Defendant shall not be responsible for ensuring that portions of the Websites directed to countries other than the United States and/or third-party content or plug-ins whose coding is not solely controlled by

>   Defendant but are otherwise located on the Websites or linked to from the Websites, are accessible or otherwise conform to WCAG 2.1 AA.
>
>   c. Defendant shall not be responsible for the compliance set forth herein as to any of the Websites that Defendant transfers or assigns to an unaffiliated third-party buyer, as part of a sale of the affiliated brand or business, after the date of such transfer or assignment.

**PROCEDURES IN THE EVENT OF DISPUTES**

14. As a condition precedent of seeking Court enforcement of any claimed breach of the Consent Decree, the party claiming a breach must exhaust the following procedures set forth in paragraphs 15 through 17.

15. If a Party believes that the other Party hereto has not complied in all material respects with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that allegedly is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating Party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating Party. All notifications must include the above information in reasonable detail and be sent to the other Party as specified in paragraph 19.

16. Within sixty (60) days of either Party receiving notice as described in Paragraph 15, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

17. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 17, then the Party claiming a breach of the Consent Decree may seek the Court's enforcement

18. Any of the time periods set forth in Paragraphs 15 through 17 may be extended by mutual agreement of the Parties without permission from, or notice to, the Court.

19. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and either by overnight express mail or United States first class mail, addressed as follows:

For Plaintiff:	Mars Khaimov, Esq.
Mars Khaimov Law, PLLC
108-26 64th Avenue, 2nd Floor
Forest Hills, New York 11375
Email: mars@khaimovlaw.com
Phone: (929) 324-0717

For Defendant:	Joseph J. DiPalma, Esq.
Jackson Lewis P.C.
44 South Broadway, 14th Floor
White Plains, NY 10601
Email: Joseph.DiPalma@JacksonLewis.com
Phone: (914) 872-6920

## **MODIFICATION**

20. Except as set forth in Paragraph 18, no modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## **ENFORCEMENT AND OTHER PROVISIONS**

21. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

22. This Consent Decree contains the entire agreement between the Plaintiff and the Defendant concerning the Action, other than the terms of a settlement agreement by and

between the Parties that is not incorporated herein by reference, and no other statement, promise, or agreement, either written or oral, made by any Party or agent of any Party, that is not contained in this Consent Decree, shall be enforceable.

23. The signatories represent that they have the authority to bind the respective Parties, Plaintiff and Defendant to this Consent Decree.

### **CONSENT DECREE HAS BEEN READ**

24. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

JENNY HWANG

Dated: 3/27/24     By: _____
                       Jenny Hwang

COCKTAIL KINGDOM, LLC

Dated: 3/27/24     By: *Gregory Nolen*

APPROVED AS TO FORM AND CONTENT:

MARS KHAIMOV LAW, PLLC

Dated: 1/26/24     By: *Mars Khaimov*
Mars Khaimov, Esq.
108-26 64th Avenue, 2nd Floor
Forest Hills, New York 11375
Email: mars@khaimovlaw.com
Phone: (929) 324-0717

JACKSON LEWIS, P.C.

Dated: 3/27/24                              By: _____
                                            Joseph J. DiPalma, Esq.
                                            44 South Broadway, 14th Floor
                                            White Plains, NY 10601
                                            Email: Joseph.DiPalma@jacksonlewis.com
                                            Phone: 914-872-6920

**COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE**

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1) This Court has personal jurisdiction over Plaintiff and Defendant, as set forth above;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at _____ this \_\_\_\_ day of _____, \_\_\_\_\_.

_____
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF

4859-3802-6390, v. 1